[Civ. No. 9456.   Third Dist.   Mar. 4, 1959.]

DORIS LUCILLE BING, Respondent, v. DANA GERALD BING, Appellant.

Busick & Busick for Appellant.

Lewis, Lewis & Lewis for Respondent.

VAN DYKE, P. J.—This is an appeal from that portion of a judgment rendered in a divorce action which divided the community property between the parties. Defendant-appellant was granted a divorce on his cross-complaint. The ground was extreme cruelty.

The trial court found that the community property of the parties was of the value of $62,021.87 and awarded respondent wife the sum of $21,707.35 as her share. That sum amounts to 35 per cent of the whole. Appellant attacks the court's ascertainment of the value of the community property, but in doing so makes assumptions which, upon this record, cannot on appeal be permitted to stand against the court's findings. The court's findings do not fully show what valuations of the various items of community property it accepted. The issue as to the value of community property appears to have been sharply contested and the proof was materially in conflict. It appears that on one occasion the court, apparently on motion of appellant, reduced its figure for total value by something over $7,000.

Appellant was a contractor, who had for some time been in partnership with another and who thereafter for several years had operated his own business after the partnership had been dissolved. His fortunes showed the fluctuation that is not unusual in the history of any contracting business. For instance, there was received in evidence an accountant's report, which gave a comparative statement of assets and liabilities of appellant from December 31, 1949, three years before he married respondent, through 1956. The separation occurred in July of that year. This statement showed the following annual figures for net worth: $14,551.48, $6,544.30, $20,908.78, $32,114.76, $66,395.52, $148,962.16, $108,910.52, $110,145.76. With the exception of cash value of life insurance of a little over $7,000, appellant's assets when he married consisted mainly of his investment in the partnership. There is evidence that from this he obtained in the dissolution certain machinery for use in contracting work and he began to do

business as an individual. He testified that from then on everything that came in was carried in a single account from which all expenditures were made; that there was continuous intermingling of community and separate assets and income with the single exception of the cash value of the life insurance. This asset, awarded to appellant, however, appears to have been classified by the court as separate property save for something less than $2,000 increase in value during the years of the marriage. During the marriage considerable property was placed in joint tenancy. Thus the record discloses no attempt on the part of appellant as the years of marriage passed to keep his separate property segregated or traceable from the accumulations of the community. Substantial diversions of these mingled assets occurred for the acquisition of joint property. These diversions were more than ample to absorb all of the separate property of appellant. It further appears that the great bulk of the total property, community and separate, was accumulated after the marriage. From the testimony of appellant it appears that the increase devolved largely from his own personal skill and industry in the guidance of his contracting business. On such a record the trial court's finding as to the value of the community property cannot be successfully assailed.

█ Appellant seeks to challenge the court's finding of value by making assumptions based upon statements made by the trial court in a memorandum opinion which has been brought up with the record here. He desires this court to follow him in his accounting computations, notwithstanding that if we did so we would be using the trial court's memorandum opinion to destroy its findings of fact. A memorandum opinion cannot be used for that purpose. █ Every presumption, of course, must be indulged on appeal in support of the factual findings of the trial court. █ A perusal of the record of oral proceedings discloses that there was evidence which would have justified the trial court in assigning a greater value to the community than the court actually found, and of course the court could have given respondent a greater share. Under all the circumstances presented by this record this court can do no other than to affirm the judgment of the trial court.

The portion of the judgment appealed from is affirmed.

Peek, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.