[Civ. No. 69121. Second Dist., Div. Five. Dec. 29, 1983.]

In re the Marriage of JO ANN MARIE and WILLIAM MICHAEL KING.
JO ANN MARIE KING, Respondent, v.
WILLIAM MICHAEL KING, Appellant.

**COUNSEL**

Paul, Hastings, Janofsky & Walker, David B. Harriman, Margaret E. Wells and Carl W. Shapiro for Appellant.

James D. Murray for Respondent.

**OPINION**

**SWINK, J.***—

### INTRODUCTION

The parties to this proceeding for dissolution of marriage, Jo Ann Marie King, petitioner (wife), and William Michael King, respondent (husband), were married on July 2, 1960. Two children were born of the marriage, Stephanie M. King, born November 27, 1969, and Christopher M. King,

---

*Assigned by the Chairperson of the Judicial Council.

born February 22, 1971. On December 31, 1980, the parties separated after approximately 20 years of marriage. An interlocutory judgment of dissolution of marriage was filed on August 16, 1982 and a final judgment of dissolution of marriage was filed on September 22, 1982.

Pursuant to stipulation, custody of the children was awarded jointly to the parties, with primary residence and custody with Mrs. King. Judgment on issues of spousal support, child support and property were reserved for further hearing. The hearing on reserved issues was held on September 27, 28, and 29, 1982, in department 7 of the Superior Court for Los Angeles County. Approximately on January 7, 1983, wife filed a proposed further judgment on reserved issues. A hearing was held on husband's objections to the proposed judgment on January 17, 1983, and the judgment, with certain minor modifications, was entered on January 26, 1983.

## ISSUES

A. Was valuation of the goodwill of husband's business based upon acceptable principles under California law, taking into consideration the post-marital efforts of the husband?

B. As to valuation of accounts receivable, was there sufficient evidence to support the valuation of accounts receivable?

C. As to the four automobiles, were the determinations of the character and percentage thereof properly made?

## PARTIAL JUDGMENT

All matters in this dissolution proceeding have been resolved in the further judgment on reserved issues, except as to the matters set forth hereinabove in the "issues" section. As to those issues, the trial court made the following rulings: (1) Husband's consulting business was awarded to Mr. King and the court found that the goodwill value of said business was $68,676; (2) said business has accounts receivable that are community property amounting to $8,000; and (3) the automobiles were awarded as follows: (a) Vallelunga, awarded to husband as husband's separate property; (b) Ford LTD, awarded to wife as wife's separate property; (c) Ford Thunderbird, community property charged and awarded to wife; and (d) Pantera, awarded to wife as to 25 percent community property and 75 percent husband's separate property.

## FACTS

In the early years of the marriage, wife was employed in the loan department of Bank of America until October 1968, at which time she termi-

nated her employment in order to spend more time with the children. In addition to household duties, wife devoted an average of 20 to 25 hours per week to the Red Cross and the Association of Retarded Children.

During the marriage, wife expended approximately $116,000 of her separate inheritance on construction of the family residence and she made gifts to her husband from her separate inheritance of approximately $64,000. Wife does not contest these gifts and the fact of such gifts was used at trial as an equitable consideration to obtain an order permitting wife and the children of the parties to reside in the family residence until the youngest child reaches majority.

During the marriage, husband commenced a consulting business of a highly technical nature described as "electro-magnetic compatibility" engineering. Husband is a recognized authority in such field and his clientele includes many computer manufacturers and users.

The parties separated on December 31, 1980, at which time the consulting business had accounts receivable totaling approximately $23,979. From the date of separation and during the period when husband was not otherwise paying support for the children or wife, wife used approximately $15,822.14 from the business account to pay for household expenses and maintenance of the children and wife.

The children have at all times since the separation of the parties resided with wife. The net community and separate property of the parties is stated as being at least $1 million.

It is uncontroverted that: the parties separated on December 31, 1980; husband is a sole practitioner as a computer consultant; and the consulting business was community property.

Pursuant to Civil Code section 5118, all earnings and accumulations received by either spouse after separation (Dec. 31, 1980) is the separate property of the respective receiving spouse. Thus, the earnings and accumulations received by husband after December 31, 1980, were the separate property of husband.

## Goodwill

Business and Professions Code section 14100 defines "goodwill" as follows: "The goodwill of a business is the expectation of continued public patronage."

 At trial, both husband and wife presented their respective experts' opinions regarding goodwill, along with documentary evidence as to the value of husband's computer consulting business. Such opinion testimony ranged from zero to $68,676 which later sum was the amount adopted by the trial court.

The difficulty with wife's expert's methods of evaluating goodwill is that the future income, i.e., 1981 earnings, is the major and controlling factor in attaining the goodwill figure selected by such expert.

 The philosophy of the community property system is that a community interest can be acquired only during the time of the marriage. It would then be inconsistent with that philosophy to assign to any community interest the value of the postmarital efforts of either spouse. (*In re Marriage of Fortier* (1973) 34 Cal.App.3d 384 [109 Cal.Rptr. 915].) Since a community interest can only be acquired during the time of the marriage, the value of the goodwill must exist at the time of the dissolution and that value must be established without dependence on the potential or continuing net income of the professional spouse. (*In re Marriage of Fortier, supra; In re Marriage of Foster* (1974) 42 Cal.App.3d 577, at p. 582 [117 Cal.Rptr. 49].)

 When goodwill attaches to a business, its value is a question of fact. (*Burton* v. *Burton* (1958) 161 Cal.App.2d 572 [326 P.2d 855].) The courts have not laid down rigid and unbending rules for the determination of the value of goodwill but have indicated that each case must be determined on its own facts and circumstances and the evidence must be such as legitimately establishes value. (*Burton* v. *Burton, supra; Mueller* v. *Mueller* (1956) 144 Cal.App.2d 245 [301 P.2d 90]; *In re Marriage of Fortier, supra,* 34 Cal.App.3d 384.) The value of community goodwill is not necessarily the specified amount of money that a willing buyer will pay for such goodwill. The amount obtainable in the market place might well be less than the true value of the goodwill.

 A proper means of arriving at the value of such goodwill, as stated in *Fortier, supra,* contemplates any legitimate method of evaluation that measures its present value by taking into account some *past* result, and assuming the business will continue in the future. The *Foster* court concluded that the applicable rule in evaluating community goodwill is that such goodwill may *not* be valued by any method that takes into account the postmarital efforts of either spouse, but that a proper means of arriving at the value of goodwill contemplates any legitimate method of evaluation that measures its present value by taking into account some past result. (*In re*

*Marriage of Fortier, supra,* 34 Cal.App.3d 384; *In re Marriage of Foster, supra,* 42 Cal.App.3d 577.)

■■■ Although wife's expert implies that his opinion of value does not rely on the future income of husband, this hardly is the case. The earnings of husband for 1981 were the highest in all of his employment years and the husband had one client in the year 1981 which contributed 37 percent of husband's total gross income. It was an unusual incident and certainly it cannot be taken as typical.

It must be remembered that husband had no plant, no commercial location, no employees, and did not maintain an office. He worked at home or at his client's facilities. Such factors all weigh in the total assessment of goodwill valuation.

For expert Coleman to persist in contending that the use of 1981 income is consistent with California law is far amiss from the mark. To some degree, goodwill always contemplates continuity of business. (*Foster, supra.*) However, continuity of a business being assumed does *not* mean that the postseparation results of husband's efforts can, or should, be included in the goodwill formula which was used by Coleman.

The report of Coleman most certainly extends its base to the "coming five years of his (husband's) life" and would continue through the end of Mr. King's "work-life expectancy." The expert's report is replete with references to "the remainder of [husband's] work-life expectancy" and "a planning horizon of five years" into the future. Of necessity, such calculations would be based upon future postseparation efforts of husband, which is not consistent with the law above set forth. Therefore, any goodwill opinion cannot include Mr. King's earnings and accumulations received postseparation (Dec. 31, 1980) inasmuch as they were husband's separate property.

The court finds that wife's valuation of the goodwill of the husband's business was based upon an incorrect method of calculation which took into consideration the postseparation efforts, earnings and accumulations of the husband and thus constituted an error in law.[1]

### ACCOUNTS RECEIVABLE

At trial, counsel for the wife represented that the accounts receivable of the community property business as of the date of separation were approx-

---

[1]With a different factual situation, it is well within reason to conclude that a recognizable percent of goodwill may be reliant on factors other than the owner, i.e., the superb quality of employees. We do not consider the instant case as being within such issues.

imately $23,979.06. Husband concurred in such approximation. The accounts receivable at the time of separation were community property. According to husband, wife withdrew $15,822.14 from the business account after separation on December 31, 1980. Thus there remained approximately $8,000 of accounts receivable. Such withdrawals were made prior to the date when husband commenced paying $1,850 per month for the support of wife and children of the parties.

■ Both spouses owe a duty to support each other and their dependent children. (*In re Marriage of Smith* (1978) 79 Cal.App.3d 725, 747-748 [145 Cal.Rptr. 205].) ■ The question is whether the withdrawals derived by wife from such accounts receivable for postseparation maintenance and child support are reimbursable to husband.

Reimbursement to husband should be denied where, in reality, the sums withdrawn from the business account, by husband's own testimony, were in discharge of husband's duty to support the wife and children of the parties. (*In re Marriage of Epstein* (1979) 24 Cal.3d 76, 85 [154 Cal.Rptr. 413, 592 P.2d 1165]; *In re Marriage of Smith, supra.*)

Per the further judgment on reserved issues, the remaining approximately $8,000 of accounts receivable was awarded and charged to husband. Such sum must, of course, be considered in the equal division of community property.[2]

The court concludes that the trial court did not err in refusing to order reimbursement by wife to husband.

### TITLE TO FOUR AUTOMOBILES

The court has reviewed the appellant's (husband) brief, the respondent's (wife) brief and the reply brief of appellant (husband). Also, the court has reviewed the records as to the portions set forth as it relates to the four vehicles.

The court concludes that the trial court was correct in its determination as to the various interests.

### CONCLUSION

As to the major issue of the value of business goodwill, this court reverses the portion of the judgment on reserved issues relating to goodwill and

---

[2]The withdrawal by wife of $15,822.14 of community assets was made without any objection of husband. The lack of objection would reasonably imply that husband acquiesed and considered the withdrawal as a gift to wife.

remands the case to the Superior Court of Los Angeles for further proceedings regarding such issue of goodwill. As to all other matters embodied in this appeal, the judgment on reserved issues is affirmed. Each party to bear its own costs.

Stephens, Acting P. J., and Hastings, J., concurred.

On January 24, 1984, the judgment was modified to read as printed above.