[No. B071247. Second Dist., Div. Seven. Nov. 22, 1993.]

In re the Marriage of DAVID and JACQUELINE STEVENSON.
JACQUELINE STEVENSON, Appellant, v.
DAVID STEVENSON, Respondent.

**COUNSEL**

John M. Gantus for Appellant.

No appearance for Respondent.

## OPINION

**JOHNSON, J.**—Under Civil Code section 4800, subdivision (a), the value of community assets and liabilities is generally determined as near as practicable to the time of trial. However, on a showing of good cause, the court may value all or any portion of the assets and liabilities at a date after separation and prior to trial. In this case, the trial court denied Ms. Stevenson's motion to have the community interests in two small businesses operated by her husband valued as of the date of the parties' separation. We affirm in part and reverse in part with directions.

### FACTS AND PROCEEDINGS BELOW

David and Jacqueline Stevenson separated on May 6, 1990. In September of that year Mr. Stevenson filed for dissolution of the marriage. Thereafter, Ms. Stevenson filed a motion under Civil Code section 4800, subdivision (a)[1] to establish the date of separation as the date for valuing the community interest in the two small businesses Mr. Stevenson operated prior to the parties' separation.

The evidence at the hearing showed Mr. Stevenson began doing business as a general contractor in 1985. In addition, for a period of 10 years prior to the date of separation, Mr. Stevenson operated a Christmas tree lot. It was undisputed that following the parties' separation Mr. Stevenson's contracting business declined and that he quit the Christmas tree business in 1990. The Stevensons' son testified his father told him after the separation "he didn't care about the [construction] company and I could let the company run into the ground, for all he cared." Mr. Stevenson testified the decline in his contracting business was due in part to a general decline in the construction industry in 1990-1991 and in part to the fact his son had gone into the contracting business using the same name, address and telephone number as Mr. Stevenson had used when he was living and working out of the family home.

The trial court ruled the only issue at the hearing was whether Mr. Stevenson had "deliberately trashed the [construction] business" and found Ms. Stevenson had failed to carry her burden of proof on that issue. Although the trial court did not make formal findings of fact, its comments following the testimony at the hearing show the court attributed the decline in Mr. Stevenson's contracting business in part to the son's appropriating the company name, address and telephone number for his own contracting business and in part to the prevailing economic decline, especially in the

---

[1]All statutory references are to the Civil Code unless otherwise noted.

construction industry. It is clear the court did not believe Mr. Stevenson stopped performing in his business in order to reduce the value of the community property to be divided with his spouse. Based on these findings, the court denied Ms. Stevenson's motion to value the community interests in the businesses as of the date of the parties' separation.

We granted Ms. Stevenson's request for an interlocutory appeal of the order denying her motion for an alternative valuation date. (Cal. Rules of Court, rule 1269.5.) As we explain below, in order to obtain a valuation of the business as of the date of separation, Ms. Stevenson was not required to establish her husband deliberately tried to "trash" the business. It was sufficient to show, as she did, the business was a small business operated exclusively by the husband and largely dependent for its success on his skill, reputation, industry and guidance. Thus, although the trial court's finding the husband did not deliberately attempt to manipulate the value of the business is supported by substantial evidence, the court erred in treating this finding as dispositive of the motion.

## DISCUSSION

*A Small Business Dependent on the Skill and Reputation of One Spouse Should Generally Be Valued as of the Date of the Parties' Separation.*

As previously noted section 4800, subdivision (a), provides as a general rule ". . . the court shall value the [community] assets and liabilities as near as practicable to the time of trial." However, ". . . the court for good cause shown may value all or any portion of the assets and liabilities at a date after separation and prior to trial to accomplish an equal division of the community estate of the parties in an equitable manner." (*Ibid.*)

■ Under the "good cause" exception of section 4800, subdivision (a), California courts have established the rule a professional practice generally should be valued as of the date of separation of the parties. (*In re Marriage of Kilbourne* (1991) 232 Cal.App.3d 1518, 1524 [284 Cal.Rptr. 20] and cases cited therein.) This rule was developed to reconcile the general requirement of valuation at the time of trial with section 5118 which provides, "The earnings and accumulations of a spouse . . . while living separate and apart from the other spouse, are the separate property of the spouse." This general exception to trial date valuation developed in cases where the community business was a small law practice operated by one of the spouses. The rationale was the value of the business, including goodwill, is primarily a reflection of the practitioner's services (accounts receivable and work in progress) and not capital assets such as desks, chairs, law books and

computers. Because earnings and accumulations following separation are the spouse's separate property, it follows the community interest should be valued as of the date of separation—the cutoff date for the acquisition of community assets. (*In re Marriage of Green* (1989) 213 Cal.App.3d 14, 20-21 [261 Cal.Rptr. 294]; Hogoboom & King, Cal. Practice Guide: Family Law 1 (The Rutter Group 1993) ¶ 8:300.5, pp. 8-351–8-352.)

The rationale for the general exception to trial date valuation is not limited to small law practices. It applies with equal logic to other small businesses which rely on the skill and reputation of the spouse who operates them. For example, in *In re Marriage of King* (1983) 150 Cal.App.3d 304 [197 Cal.Rptr. 716], the issue was the proper method for valuing goodwill of the husband's business. During the marriage the husband commenced a consulting business of a highly technical nature and became a recognized authority in his field. He had no plant, no commercial location, no employees and did not maintain an office. He worked at home or at his client's facilities. The parties separated in December 1980. The trial court valued the goodwill of the consulting business on the basis of the husband's projected earnings for 1981. In reversing this valuation, the appellate court pointed out, "Pursuant to Civil Code section 5118, all earnings and accumulations received by either spouse after separation [are] the separate property of the respective receiving spouse. Thus, the earnings and accumulations received by husband after December 31, 1980, were the separate property of husband." (*Id.* at p. 308.) The court concluded valuation of the goodwill of the husband's consulting business was incorrect because it "took into consideration the postseparation efforts, earnings and accumulations of the husband and thus constituted an error in law." (*Id.* at p. 310, fn. omitted.)

We believe a small general contracting business such as Mr. Stevenson's also falls within the general exception to trial date valuation. The evidence at the hearing shows the value of a small general contracting business, like that of a small law office or consulting firm, devolves largely from the personal skill, industry and guidance of the operating spouse, as opposed to its capital assets. (See *Bing* v. *Bing* (1959) 168 Cal.App.2d 348, 350 [335 P.2d 1020] [value of husband's general contracting business dependent on his personal skill and industry].) Thus, its value generally should be determined as of the date of separation consistent with the rule the earnings and accumulations of a spouse following separation are the separate property of that spouse. (§ 5118; *In re Marriage of Kilbourne, supra*, 232 Cal.App.3d at p. 1524; *In re Marriage of Green, supra*, 213 Cal.App.3d at p. 21.) Valuing the business as of the date of separation also relieves the concern the operating spouse might deliberately "trash" the business prior to

the date of trial, although the trial court found no such conduct in the present case.[2]

## DISPOSITION

The order denying respondent's motion for an alternative valuation date is affirmed as to the Christmas tree business and reversed as to the general contracting business, and the trial court is directed to order the general contracting business valued as of the date of the parties' separation. Appellant is awarded her costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.

---

[2]No evidence was produced at the hearing regarding Mr. Stevenson's involvement with the Christmas tree lot and its valuation is virtually ignored in appellant's brief. There being insufficient facts in the record to bring the Christmas tree business within the general exception to the trial date valuation rule, we will affirm the court's order as to this business.