Filed 6/28/22 Marriage of Namba and Yoo CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Marriage of MICHAEL M. NAMBA and JENNY I. YOO. | B309934 (Los Angeles County Super. Ct. No. BD632254) |
| MICHAEL M. NAMBA, Respondent, v. JENNY I. YOO, Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Shelley Kaufman, Judge. Affirmed.

Moon & Dorsett and Dana M. Dorsett for Appellant.

Law Offices of Robert Gantman and Robert J. Gantman for Respondent.

_____

Appellant Jenny I. Yoo (Yoo) appeals from the denial of her request for an order seeking the postjudgment division of an omitted asset in this marital dissolution case. Because Yoo has not established the existence of an omitted asset, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Yoo and respondent Michael M. Namba (Namba) were married in 2006.

In August 2013, Namba became a cotrustee—along with his parents, Katsutoshi Namba and Chizuko Namba—of the Katsu Namba Family Trust (trust). As a cotrustee, Namba was entitled to trustee compensation. Namba chose not to be paid for his services as cotrustee.

Namba filed a petition for dissolution of marriage in December 2015. Yoo and Namba separated on May 1, 2016.

The family court entered a judgment of dissolution on March 5, 2019. The judgment incorporated a spousal support order stating: "[Namba] helps manage his parents [*sic*] trust and is entitled to be paid, but chooses not to be paid for his services." The court considered this factor in determining spousal support.

On October 9, 2019, Yoo filed a request for order seeking the postjudgment division of an omitted asset. Specifically, Yoo sought 100 percent of the "earned" trustee compensation from the trust "owed to [Namba] for his work from 2013 through May 1, 2016" and interest.

2

On October 15, 2020, the family court denied Yoo's request for order, finding that Namba waived trustee compensation such that there was no asset for division or further adjudication. The court cited the prior factual finding, as set forth in the judgment, that Namba had chosen not to be paid. The court likened Namba's waiver of compensation to "volunteering instead of getting paid."

This timely appeal ensued.

## DISCUSSION

I. *Applicable Law*

Family Code section 2556[1] provides: "In a proceeding for dissolution of marriage, . . . the court has continuing jurisdiction to award community estate assets or community estate liabilities to the parties that have not been previously adjudicated by a judgment in the proceeding. A party may file a postjudgment motion or order to show cause in the proceeding in order to obtain adjudication of any community estate asset or liability omitted or not adjudicated by the judgment. In these cases, the court shall equally divide the omitted or unadjudicated community estate asset or liability, unless the court finds upon good cause shown that the interests of justice require an unequal division of the asset or liability."

"[S]ection 2556 applies to community property not actually adjudicated in the previously entered dissolution judgment." (*In re Marriage of Huntley* (2017) 10 Cal.App.5th 1053, 1061.) "The mere mention of an asset in the judgment is not controlling. [Citation.] '[T]he crucial question is whether the benefits were actually litigated and divided in the previous proceeding.'

---

[1]     All further statutory references are to the Family Code unless otherwise indicated.

3

[Citation.]" (*In re Marriage of Thorne and Raccina* (2012) 203 Cal.App.4th 492, 501.)

II. *Standard of Review*

We review the application of law to undisputed facts de novo. (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

III. *Analysis*

Between the time that Namba became a cotrustee of the trust in 2013 to the date of separation (May 1, 2016), Namba waived the trustee compensation to which he was entitled.[2] As the family court correctly concluded, because he received nothing for his service, no asset existed to divide. Accordingly, section 2556 did not apply, and Yoo's request for order was properly denied.

---

[2] In a single-sentence subsection in Yoo's opening brief, she contends that it is unknown "[w]hether Namba in fact did receive [trustee compensation] from the [t]rust . . . because of Namba's persistent refusals to provide discovery responses on that issue . . . ." As the family court observed when denying Yoo's request for order, the judgment included a specific finding that Namba had chosen not to be paid. Yoo may not challenge that finding in the judgment collaterally through a section 2556 request for the postjudgment adjudication of an omitted asset. Moreover, even if the issue was properly before us, we would deem it forfeited based on the lack of any developed discussion or citation to supporting authority. (*In re Marriage of Carlisle* (2021) 60 Cal.App.5th 244, 255 ["'The absence of cogent legal argument or citation to authority allows this court to treat the contentions as' forfeited"].) Thus, for our purposes here, it is undisputed that Namba was not paid trustee compensation during the applicable period.

4

Yoo resists this conclusion, arguing that "[f]or the purposes of adjudicating community property, there is no requirement an asset has to be actually received by a party." While that may be true, this legal principle is inapplicable here for the simple reason that Namba's waived trustee payment does not constitute an account receivable. (See Black's Law Dict. (9th ed. 2009), p. 19, Col. 2 [defining "account receivable" as "[a]n account reflecting a balance owed by a debtor; a debt owed by a customer to an enterprise for goods or services"].) After all, the trial court relied on the specific finding in the judgment that Namba chose not to be paid for his services as trustee. Thus, no debt was owed to Namba by the trust.

We are unconvinced by Yoo's argument that the waived payment "was a secret gift of community property to the [t]rust" of which Namba has and may in the future receive the benefit. Whether it was proper for Namba to waive trustee compensation is not relevant to whether an omitted *asset* existed that required further adjudication under section 2556.

It follows that the cases cited by Yoo are readily distinguishable. (See, e.g., *Smith v. Furnish* (1886) 70 Cal. 424, 425–426 [debt due from a decedent for services rendered by his former nurse was community property shared by the nurse and her husband]; *In re Marriage of King* (1983) 150 Cal.App.3d 304, 311 [accounts receivable at the time of separation were community property]; *In re Marriage of Fortier* (1973) 34 Cal.App.3d 384, 388 [goodwill of husband's medical practice was community property]; *Polk v. Polk* (1964) 228 Cal.App.2d 763, 781 [proceeds of a life insurance policy on a husband were community property to the extent that the premiums were paid with community funds].) In each of those cases, the monies due

were never waived; nothing in those cases stands for the proposition that a *waived* payment is an asset subject to division. And, "it is axiomatic that a decision does not stand for a proposition not considered by the court [citation]." (*People v. Barker* (2004) 34 Cal.4th 345, 354.)

All other issues are moot.

## DISPOSITION

The order is affirmed. Namba is entitled to his costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST

We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT

6