Filed 4/17/17

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re the Marriage of FRANK and DEANNA HUNTLEY. | |
| FRANK HUNTLEY,<br><br>Respondent,<br><br>v.<br><br>DEANNA HUNTLEY,<br><br>Appellant. | C080534<br><br>(Super. Ct. No. FL11001946) |

APPEAL from a judgment of the Superior Court of Yolo County, Kathleen M. White, Judge.  Reversed.

Matthew B. Smith for Appellant.

BAIR & BAIR and Pamela A. Bair for Respondent.

Deanna Huntley challenges the trial court's denial of her motion to divide unadjudicated community property under Family Code section 2556.[1]  Deanna filed her

---

[1]     Undesignated statutory citations are to the Family Code.

motion more than two years after entry of a default judgment that dissolved her marriage to Frank Huntley.[2]  The trial court denied the motion on grounds Deanna had not first moved to set aside the default judgment.

On appeal, Deanna contends (1) section 2556 confers the trial court with continuing jurisdiction to adjudicate omitted community property without having to first move to set aside the judgment, (2) the dissolution judgment's silence as to the division of any property means all of the community property remains to be divided, and (3) the trial court's error requires reversal for proper division of the parties' community property.

We conclude section 2556 provided the trial court with continuing jurisdiction to divide omitted or unadjudicated community property.  The default judgment's silence as to any division of property requires reversal and remand for further proceedings under sections 2550 and 2556.

FACTUAL AND PROCEDURAL HISTORY

<em><strong>The Parties' Community Property</strong></em>

The facts of this case are undisputed.  Frank and Deanna married in 2000 and separated in June 2011.  As the trial court found, "Both parties were employed during their marriage and [Deanna] was in charge of the parties' finances.  She paid the bills. She was employed with the City of Woodland and was aware of her own employment benefits.  [Deanna] was also aware of all of the parties' assets, their debts, their furniture, vehicles, and other assets.  [Frank] retired approximately 15 months before the parties separated and began receiving retirement benefits.  [Deanna] was well aware of these benefits and was also aware of [Frank's] Deferred Benefit Account, because the parties withdrew substantial funds from that account during their marriage."

---

[2]     For the sake of clarity, we refer to the parties by their first names.

2

The trial court further found that "there were other assets, namely household furnishings, vehicles, [Deanna's] PERS retirement, and [Frank's] Union Pension Plan and Deferred Compensation Plan. [Frank's] Pension Plan and Deferred Compensation Plan were both in pay status with monthly payments being received by the parties each month. At one of the hearings in this case, [Deanna] admitted she was aware of all of these assets."

### *Petition for Dissolution of Marriage and Default Judgment*

In December 2011, Frank served Deanna with a petition for dissolution of marriage, an income and expense declaration, and a community and quasi-community property declaration. Frank's petition stated all community and quasi-community property was listed in his accompanying declaration. However, the declaration did not list any property other than a house with a negative value of $89,000.

Deanna was served with the petition and attached declarations, but did not respond. In July 2012, Frank filed a request for default and served Deanna with a copy of the request. In October 2012, the trial court entered a default judgment. The default judgment dissolved the marriage but did not mention any community property.

At some point after Deanna received the request to enter a default judgment, she signed a grant deed conveying all title and interest in the house to Frank.

### *Deanna's Motion to Adjudicate Omitted Assets*

In November 2014, Deanna filed a motion to adjudicate omitted community property. After conducting several hearings, the trial court denied the motion. In denying the motion, the trial court reasoned that "[w]hen [Deanna] received Notice of the Judgment, it was obvious that no property orders were made. She had the opportunity to file a Motion to set aside the Judgment and take further action. She took no action." The trial court acknowledged, "the Judgment does not award assets to either party," but found

3

"those assets are now owned by the parties based on their actual title. Retirement benefits and retirement accounts are titled in the sole name of the individual who earned them. [Deanna] has signed a Grant Deed releasing her interest in the residence to [Frank]. Vehicles have titles, which reflect their ownership and the parties apparently divided their furniture and furnishings to their satisfaction." The trial court further found Deanna's signing of the grant deed to the house "seems to support [Frank's] contention that the parties had an oral agreement as to how to divide their assets and debts." There is no indication the oral agreement was stated on the record in open court. Ultimately, the trial court determined "this case is concluded."

Deanna timely filed a notice of appeal.

## DISCUSSION

### *Motion to Divide Omitted or Unadjudicated Community Property after Entry of a Default Judgment*

Deanna contends a motion to vacate the default judgment was not necessary because section 2556 provided the trial court with continuing jurisdiction to hear her "motion for adjudication of omitted assets." The contention has merit.

### A.

### *Standard of Review*

We review questions of statutory interpretation under the independent standard of review. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.) " 'In doing so, " 'our fundamental task is to "ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." ' " ' [Citation.] As always, we start with the language of the statute, "giv[ing] the words their usual and ordinary meaning [citation], while construing them in light of the statute as a whole and the statute's purpose [citation]." [Citation.]' " (*Coker v. JPMorgan Chase Bank, N.A.* (2016) 62 Cal.4th 667, 674, quoting *Apple Inc. v. Superior Court* (2013) 56 Cal.4th 128, 135.)

4

**B.**

### *The Trial Court's Continuing Jurisdiction under Section 2556*

"Generally, once a marital dissolution judgment has become final, the court loses jurisdiction to modify or alter it." (*In re Marriage of Thorne and Raccina* (2012) 203 Cal.App.4th 492, 499 (*Thorne*).) However, as the California Supreme Court has explained, a dissolution judgment does not affect the disposition of community property as to which the judgment is silent. "Under California law, a spouse's entitlement to a share of the community property arises at the time that the property is acquired. [Citations.] That interest is not altered except by judicial decree or an agreement between the parties. Hence 'under settled principles of California community property law, "property which is not mentioned in the pleadings as community property is left unadjudicated by decree of divorce, and is subject to future litigation, the parties being tenants in common meanwhile." ' (*In re Marriage of Brown* [1976)] 15 Cal.3d [838,] 850-851 . . . .) [Citations.] This rule applies to partial divisions of community property as well as divorces unaccompanied by any property adjudication whatsoever." (*Henn v. Henn* (1980) 26 Cal.3d 323, 330 (*Henn*).)

At the time the California Supreme Court decided *Henn*, a former spouse was required to file a new case in order to seek division of community property assets that were omitted from a dissolution judgment. (*Henn, supra,* 26 Cal.3d at p. 330.) To alleviate the burden of filing an entirely new action to divide community property previously omitted in a dissolution judgment, the Legislature enacted Civil Code section 4353 that was later recodified without substantive change at Family Code section 2556. (*Lakkees v. Superior Court* (1990) 222 Cal.App.3d 531, 540, fn. 5 (*Lakkees*); see also West's Fam. Code, § 2556, Law Revision Commission Comment ["Section 2556 continues former Civil Code Section 4353 without substantive change"].)

Section 2556 provides: "In a proceeding for dissolution of marriage, for nullity of marriage, or for legal separation of the parties, *the court has continuing jurisdiction* to award community estate assets or community estate liabilities to the parties that have not been previously adjudicated by a judgment in the proceeding. A party may file a postjudgment motion or order to show cause in the proceeding in order to obtain adjudication of any community estate asset or liability omitted or not adjudicated by the judgment. *In these cases*, the court shall equally divide the omitted or unadjudicated community estate asset or liability, unless the court finds upon good cause shown that the interests of justice require an unequal division of the asset or liability." (Italics added.)

In providing courts with continuing jurisdiction, section 2556 imposes no time limit on former spouses to seek to adjudicate omitted or unadjudicated community property after a dissolution judgment was entered. In *Lakkees, supra,* 222 Cal.App.3d 531, the Court of Appeal noted arguments "that a dilatory party who suffers an involuntary dismissal should be barred from the postjudgment relief available under Civil Code section 4353 are not supported by any statutory language." (*Id.* at p. 540, fn. 5.) The same observation holds true for Civil Code section 4353's successor: there is no statute of limitations imposed by section 2556 on a former spouse who seeks adjudication of omitted or unadjudicated community property. Section 2556 also imposes no limitation for default judgments such as that entered in this case. Accordingly, section 2556 applies to require adjudication of the omitted assets.

Section 2556 applies even when former spouses were aware of the community property at the time the dissolution judgment was entered. In *Huddleson v. Huddleson* (1986) 187 Cal.App.3d 1564 (*Huddleson*), the appellate court rejected a contention that a community property pension was immune from post-judgment division because the moving party had known of the asset at the time of judgment. The *Huddleson* court

6

explained, "Regardless of whether the parties know of, or discuss, the vested pension, if the 'court was not called upon to award it, and did not award it, as community property, separate property, or any property at all' [citation], then the pension is a missed asset subject to a post-dissolution claim." (*Huddleson,* at p. 1569, citing *Henn, supra*, 26 Cal.3d at p. 330.)

Although Code of Civil Procedure section 473 generally governs the finality of most default judgments, it does not control in this case. Section 2556 is the more specific statute in specifically addressing assets omitted from a dissolution of marriage. As the California Supreme Court has held, " 'It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.' " (*People v. Gilbert* (1969) 1 Cal.3d 475, 479, quoting *In re Williamson* (1954) 43 Cal.2d 651, 654; accord *Stone Street Capital, LLC v. California State Lottery Com.'* (2008) 165 Cal.App.4th 109, 118. The Legislature's specific provision in section 2556 for adjudication of assets omitted from a marital dissolution judgment is the more specific statute and supplies the governing rule here.

In sum, section 2556 applies to community property not actually adjudicated in the previously entered dissolution judgment. "The mere mention of an asset in the judgment is not controlling. [Citation.] '[T]he crucial question is whether the [community property] benefits were actually litigated and divided in the previous proceeding.' " (*In re Marriage of Georgiou and Leslie* (2013) 218 Cal.App.4th 561, 575, quoting *Thorne*, *supra*, 203 Cal.App.4th at p. 501.)

### *Motion to Divide Omitted or Unadjudicated Community Property*

The trial court erred in ruling Deanna was required to move to set aside the default judgment before availing herself of the continuing jurisdiction provided by section 2556 for division of unadjudicated community property. The dissolution judgment did not divide – or even mention – any community property. Consequently, the parties' community property remained "subject to future litigation." (*Henn, supra,* 26 Cal.3d 323, 330, § 2556.) Even though Deanna waited more than two years after entry of the default judgment before bringing her motion for adjudication of omitted assets, the trial court had jurisdiction under section 2556 to hear the motion. (See *Lakkees, supra,* 222 Cal.App.3d at p. 540, fn. 5.) Although it is undisputed Deanna handled the finances during the marriage and was aware of the very community property she sought to have divided under section 2556, her knowledge did not provide a basis for denying her motion. (*Huddleson*, *supra*, 187 Cal.App.3d at p. 1569.) Consequently, the trial court should have adjudicated the omitted community property as requested in Deanna's motion.

Frank argues the trial court correctly determined that, even if cognizable, Deanna's motion was properly denied because all of the community property had actually been divided by the parties according to their informal agreement. As the trial court noted, Deanna's signing of a grant deed to the marital residence in favor of Frank after entry of the default judgment indicated the parties had actually reached an informal agreement as to the disposition of their property.

Former spouses may divide their community property by agreement, even if the division is not equal. "As long as such agreement is based upon a complete and accurate understanding of the existence and value of community and separate assets that are material to the agreement, the parties are free to decide on an unequal distribution." (*In*

*re Marriage of Brewer v. Federici* (2001) 93 Cal.App.4th 1334, 1349.) However, to be valid, even an agreement to divide community property equally must comply with section 2550. Section 2550 provides: "*Except upon the written agreement of the parties, or on oral stipulation of the parties in open court*, or as otherwise provided in this division, in a proceeding for dissolution of marriage or for legal separation of the parties, the court shall, either in its judgment of dissolution of the marriage, in its judgment of legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, *divide the community estate of the parties equally*." (Italics added.)

The requirement of section 2550 that an agreement either be written or orally stated in open court is strictly construed. *In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196 explains that "strictly enforcing . . . section 2550's requirements will actually promote the policy of encouraging the parties to arrive at an out-of-court resolution containing sufficiently definite terms to be enforced by the court without further litigation. Requiring the parties' settlement agreement to be committed to writing or recited in court, as mandated by . . . section 2550, prevents the risk of the court enforcing an agreement that never was made." (*Id.* at pp. 203-204.)

In this case, the parties neither reduced their agreement to writing nor did they state terms of the agreement on the record in open court. Consequently, at the time of its judgment of dissolution of marriage, the trial court had the statutory duty to equally divide Frank and Deanna's community property or make a property division based on the written agreement of the parties or on oral stipulation of the parties in open court. (§ 2550.) It is undisputed the judgment of dissolution of marriage did not include any property orders. And there is no evidence of any written agreement or an oral stipulation of the parties in open court. In its statement of decision on Deanna's motion, the trial court found the parties had divided all of their community property and these assets

9

were "now owned by the parties based on their actual title."  But this later finding does not address or remedy the absence of any division of community property in the judgment.  For this reason, the trial court did not fulfill its duty to divide the parties' community property as required by section 2550 and under the continuing jurisdiction provided by section 2556.[3]

DISPOSITION

The judgment is reversed, and the matter is remanded for further proceedings under Family Code sections 2550 and 2556.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (5).)


$$\overline{\qquad\qquad /s/ \qquad\qquad}$$
HOCH, J.


We concur:


$$\overline{\qquad\quad /s/ \qquad\quad}$$
BUTZ, Acting P. J.


$$\overline{\qquad\quad /s/ \qquad\quad}$$
RENNER, J.

---

[3]    We express no opinion as to the factual question of whether the informal division of community property by Frank and Deanna was equal or unequal within the meaning of sections 2550 and 2556.