Filed 1/11/21

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of NANCY G. ERNDT and MICHAEL A. TERHORST<br><br>_____<br><br>NANCY G. ERNDT,<br><br>    Plaintiff and Appellant,<br>v.<br><br>MICHAEL A. TERHORST<br><br>    Defendant and Respondent. | A157876<br><br>(Solano County<br> Super. Ct. No. FFL113303) |

      Nancy G. Erndt (wife) and Michael A. Terhorst (husband) entered into a settlement agreement, in the form of a verbal stipulation, regarding the terms of their marital dissolution ("the stipulation"). The stipulation included an equal division of the community property portion of wife's retirement plan without any mention of the plan's survivor benefits. Thereafter, the parties could not agree as to whether

---

\*     Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the following portions of the Discussion: Section I. The Trial Court Rulings Regarding Division of Community Retirement Plan and Refusal to Set Aside Stipulation; and Section III. Husband's Motion for Sanctions on Appeal.

husband had survivor benefits under wife's retirement plan and they asked the court to resolve their dispute; in the alternative, wife asked the court to vacate the stipulation.

The trial court ruled as follows: the survivor benefits were found to be an "omitted asset" (Fam. Code,[1] § 2556) subject to an equal division under section 2610, subdivision (a)(2); wife was not entitled to an order vacating the stipulation; and judgment was to be entered accordingly. The court also awarded husband $800 in attorney fees and $180 in costs in the nature of sanctions under section 271.

On appeal, wife contends the court erred in treating the survivor benefits as an omitted asset as the stipulation provided husband *would not* receive a survivor benefit by virtue of its silence on the topic. Alternatively, she seeks to vacate the stipulation in its entirety based on there being no "meeting of the minds" concerning the division of survivor benefits. We see no merit to wife's contentions and, accordingly, we affirm that portion of the judgment that provides husband is to receive a survivor benefit related to his community property share of the retirement plan. We reverse, in part, that portion of the judgment and order awarding husband the sum of $800 in attorney fees as section 271 does not permit an award of fees to a self-represented party.

We deny husband's separate motion for sanctions for the filing of a frivolous appeal and to cause delay.

---

[1] All further statutory references are to the Family Code unless otherwise specified.

## Factual and Procedural Background

The parties were married in 1986 and wife filed a petition for dissolution in 2010.

In January 2018, after a three-day settlement conference with the trial court, the parties entered into a stipulation to resolve the entire matter and the settlement terms were recited in open court. Relevant to this appeal, the stipulation included the following provisions:

> Wife had certain retirement benefits through the federal government commonly known as FERS . . . for Federal Employees Retirement System. The parties will be equally dividing the community property portion of Wife's FERS retirement, with the exception that Wife had purchased some additional retirement benefit of service years based on her prior service in the military. Several years of that prior service in the military [were] during the marriage.
>
> Husband is waiving his right to receive, in his share of the FERS retirement, those service credits that were for community property years from the military service.

The stipulation did not mention the retirement plan's benefits (basic pension, survivor, death), specific exclusion of any benefit from the equal division of the "Wife's FERS retirement", or waiver of either party's right to receive their community property share of any plan benefit. The trial court confirmed the parties understood the terms of the stipulation, were entering into the stipulation freely and voluntarily, and had adequate time to consult with counsel. The parties also agreed the court would retain jurisdiction to resolve any disputes.

Husband was directed to prepare a stipulated judgment and, over the course of several months, the parties unsuccessfully attempted to

3

agree on a stipulated judgment. Ultimately, husband submitted for wife's approval a proposed stipulated judgment that largely mirrored the stipulation (the parties "[would] be equally dividing the community property portion of Wife's FERS retirement" other than the additional retirement benefit based on wife's prior service in the military), but also included a sentence awarding each party "any survivor's benefits . . . related to their share of the community interest awarded to them." [2]

Wife refused to sign the proposed judgment, and the parties proceeded to file separate requests asking the court to adjudicate their dispute regarding the survivor benefit and for entry of a stipulated judgment reflecting their respective views. Husband's proposed judgment included an award of a survivor benefit as an omitted asset under section 2556, which grants the court "continuing jurisdiction" to award community assets to the parties that have not been previously adjudicated by a judgment in the proceeding; if the court finds there was an omitted asset it is directed to "equally divide the omitted or unadjudicated community estate asset . . ., unless the court finds upon good cause shown that the interests of justice require an unequal division of the asset." Wife asked the court to enter judgment based on the terms of the stipulation (thereby excluding any award for survivor benefits) and, in the alternative, sought an order setting aside the stipulation in its entirety. The parties lodged no objections when their

---

[2] This sentence also provided for an award to each party of "any death benefits" related to their share of the community interest. However, wife made no separate argument directed at the award of a death benefit either in the trial court or on appeal. Consequently, we do not further mention the death benefit except to give context to our decision.

4

requests were assigned to the same trial court judge who had conducted the settlement conference.

## A.      March 14 and April 3, 2019[3] Hearings

On March 14, the trial court presided at a hearing concerning husband's request to award him a survivor benefit. Wife was represented by counsel and husband, an attorney, appeared in propria persona after the court granted his counsel leave to withdraw. Both parties testified concerning the settlement conference negotiations that led to the stipulation.

Husband testified that during negotiations no one – not the parties, either of their counsel, or the trial court – mentioned the issue of a survivor benefit. He was not aware of a survivor benefit or that there was any issue concerning a survivor benefit until his former counsel included it in the proposed stipulated judgment that wife then refused to sign. Wife never told him she wanted the survivor benefit solely for herself or that she wanted him to waive his right to a survivor benefit. Nor did husband's former counsel ever tell husband that wife wanted a survivor benefit "to go to . . . [her] only."

Wife testified that she did not say anything during negotiations about a survivor benefit because she did not want husband to receive that benefit. During her private discussions with the trial judge[4], wife asked the court if husband had mentioned a survivor benefit. The judge replied she had not and asked if wife wanted the issue to be raised; she declined. Wife also did not tell her counsel to say that she

---

[3]     All further unspecified dates occurred in 2019.
[4]     Neither party lodged any objection to the wife's testimony concerning her ex parte discussion with the trial court during the settlement conference.

5

wanted to keep the survivor benefit and did not want husband to share in that benefit. During the verbal recitation of the stipulation, wife did not mention anything about the survivor benefit. Wife believed that if the survivor benefit were not mentioned then husband's right to it would terminate upon entry of the judgment of dissolution.

The trial court granted husband's request, directing that the judgment include a provision awarding each party a survivor and/or death benefit related to their community property share of the retirement plan under section 2610. The parties were directed to meet and confer and submit a stipulated judgment incorporating the terms of the agreement and the court's ruling regarding the survivor benefit (hereinafter "court-ordered stipulated judgment") at the next hearing on April 3.

On April 3, the trial court held a hearing to consider wife's alternative request to set aside the stipulation. The parties presented arguments but did not offer any additional evidence. The trial court denied wife's motion and wife was directed to sign and resubmit the court-ordered stipulated judgment within a few days.

## B.     May 15, 2019 Hearing

In early April, wife made handwritten changes to the court-ordered stipulated judgment and signed it as modified. Shortly thereafter, husband filed a motion for the court elisor to sign the court-ordered stipulated judgment, for $6,102 in attorney fees and $180 in costs, and for "section 271" sanctions for wife's repeated refusal to follow court orders and sign the court-ordered stipulated judgment. While the relevant Judicial Council forms direct a party requesting attorney fees to provide certain information concerning counsel's billing

6

rates and the attorney's experience in the particular type of work, the record does not include any documents indicating husband provided such information to the court. Wife opposed husband's requests in full.

Both parties appeared in propria persona at the May 15 hearing. After the trial court found no basis to change its previous orders, wife complied with the court's direction that she sign the court-ordered stipulated judgment in open court. The court granted, in part, husband's request for attorney fees and costs, specifically awarding $180 (filing fees for two motions) in costs and $800 in reasonable "attorney fees" for husband's preparation for and attendance at that day's hearing. Wife made no objection to the award of attorney fees and costs.

The trial court entered a judgment of dissolution with several attachments, including the executed court-ordered stipulated judgment and a written order awarding husband the sum of $980 in attorney fees and costs "in sanctions." Wife's timely appeal ensued.

## DISCUSSION

### I. The Trial Court Rulings Regarding Division of Community Retirement Plan and Refusal to Set Aside Stipulation

Our Legislature has mandated that "[o]nce a petition for dissolution has been filed, the community property needs to be divided, either by the parties or by the court. If the court divides the community property, it must do so equally. . . . If the parties themselves want to agree upon another disposition, they must do so either in writing or in open court." (*In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 203.)

7

If the court is asked to divide a community retirement plan, each party is entitled to receive their full community property share including all survivor benefits. Section 2610, subdivision (a), provides the court shall make orders to ensure that "each party receives the party's full community property share in any retirement plan, . . . including all survivor and death benefits" and such orders include the disposition of survivor benefits consistent with Section 2550. Section 2550 provides the court shall divide the community estate equally absent agreement of the parties in writing or verbally in open court. (see *In re Marriage of Cooper* (2008) 160 Cal.App.4th 574, 580 [trial court's statutory mandate to divide " 'the community estate of the parties equally' " applies to "retirement plan survivor benefits"]; *In re Marriage of Higinbotham* (1988) 203 Cal.App.3d 322, 334 [even though no request or objection was made in the trial court a party was entitled to payment of a suitable share of any survivor benefit available under a community pension plan (decided under former Civ. Code § 4800.8 continued without substantive change in § 2610); a party's "entitlement . . . 'involves only a question of law determinable from a factual situation already present in the record' "].)

Where the parties fail to provide for the division of community property in a written agreement or verbal stipulation, Section 2556 grants the trial court "continuing jurisdiction" to adjudicate an omitted asset claim. An omitted asset claim does not seek to modify or reopen a previous agreement, but instead seeks to divide community assets which were not divided between the parties. (*Huddleson v. Huddleson* (1986) 187 Cal.App.3d 1564, 1573, citing to *Casas v. Thompson* (1986) 42 Cal.3d 131, 141-142, fn. 4.) "Section 2556 applies even when former

8

spouses were aware of the community property at the time" they agreed on a division of community property. (*In re Marriage of Huntley* (2017) 10 Cal.App.5th 1053, 1060.) " ' "The mere mention of an asset in the [agreement or stipulation] is not controlling. [Citation.] '[T]he crucial question is whether the [community property] benefits were actually litigated and divided' " ' " in the agreement or stipulation. (*Ibid*., quoting *In re Marriage of Georgiou & Leslie* (2013) 218 Cal.App.4th 561, 575, quoting *In re Marriage of Thorne & Raccina* (2012) 203 Cal.App.4th 492, 501.)

### A. *The Trial Court Properly Directed the Equal Division of the Retirement Plan's Survivor Benefit as an Omitted Asset Under Section 2556*

The trial court found the survivor benefit was an "omitted asset" subject to the court's discretionary authority to make an equal division of that community asset under sections 2556 and 2610. On appeal, wife's sole complaint is that the trial court was not statutorily authorized to adjudicate the survivor benefit as an "omitted asset" under section 2556 as the stipulation provided husband would not receive a survivor benefit. Because the facts regarding the nature of the "omitted asset" are undisputed, and the issue presented concerns the interpretation of a statute and its application to the facts, our review is de novo. (*Estate of Thomas* (2004) 124 Cal.App.4th 711, 717-718 ["[s]ince this issue involves the interpretation of a statute and the application of that statute to undisputed facts, it is subject to this court's independent review"].)

Wife correctly asserts her retirement plan consists of "inextricably" entwined benefits including a basic pension benefit and a survivor benefit funded by annuities. (See *In re Marriage of Peterson*

9

(1974) 41 Cal.App.3d 642, 656 (*Peterson*) [retirement plan consisted of a "bundle" of benefits (pension benefit, a survivor benefit if any, and a lump-sum death benefit, if any)].[5]) But, *absent an agreement between the parties to the contrary*, husband, as "a partner in the community" who contributed to a portion of wife's retirement plan, was entitled to receive his full community share in "any single stick in the bundle [of plan benefits]" (*id.* at p. 656), including a survivor benefit as mandated under section 2610.

Here, the clear language of the stipulation – that the parties "[would] be equally dividing the community property portion of the Wife's FERS retirement" – does not manifest an intent or agreement that husband would not receive a survivor benefit. Rather, the language shows an intent and agreement that the equal division of the community retirement plan would include all plan benefits, there being no specific exclusion for any survivor benefit. Wife's reliance on her subjective intent, based on her belief that husband would not receive a survivor benefit, is irrelevant. " 'Contract formation is governed by objective manifestations, not the subjective intent of any individual involved.' " (*Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1277.) In other words, the question is not what wife "subjectively intended, but what a reasonable person would believe the parties intended." (*Beard v. Goodrich* (2003) 110 Cal.App.4th 1031, 1038 (*Beard*).) Given the Legislature's mandate that absent any agreement to the contrary, a party is entitled to his full community share of a retirement plan including a survivor benefit, an agreement to exclude a survivor benefit

---

[5]      *Peterson* was disapproved on another ground in *In re Marriage of Brown* (1976) 15 Cal.3d 838 at page 851, footnote 14.

10

"is uncommon" and "[a] reasonable person would expect such an arrangement to be clearly defined" by the parties. (*Id.* at p. 1039.)

Accordingly, we reject wife's contention that the stipulation shows the parties intended or agreed to a different and unequal division of a survivor benefit such that there was no omitted asset to be later adjudicated by the court under section 2556. The general language used in the stipulation is not ambiguous and an objective reading would lead a reasonable person to believe that the parties intended and agreed that the equal division of the community property share of the retirement plan would include all plan benefits with no exclusion for a survivor benefit.

### B. The Trial Court Properly Exercised its Discretion in Denying Wife's Request to Set Aside the Stipulation

Wife alternatively argues that if the trial court's equal division of the survivor benefit is upheld, she is entitled to an order setting aside the stipulation as "there was no meeting of the minds" concerning the material terms of the settlement in that she was denied the benefit of the bargain she believed she was making in settling the entire case. We see no merit to her argument as again it is based on her subjective belief that husband would not receive a survivor benefit.

Wife correctly asserts the stipulation, a contract, is not enforceable unless there has been a " 'meeting of the minds' " [i.e. mutual consent] on all material points and "mutual consent means the parties must assent to the same thing in the same sense." (*Beard*, *supra*, 110 Cal.App.4th at pp. 1039-1040, citing to Civ. Code, § 1580; *Banner Entertainment, Inc. v. Superior Court* (1998) 62 Cal.App.4th 348, 358-359.) "The rule, however, is that ' "[t]he existence of mutual

11

consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe." ' " (*Beard*, *supra*, at p. 1040.)

Here, as we have concluded, the stipulation's general language objectively manifested an agreement to an equal division of the retirement plan with no specific exclusion for a survivor benefit, especially as an agreement to exclude a survivor benefit "is uncommon" such that "a reasonable person would expect such an arrangement to be clearly defined" by the parties. (*Beard*, *supra*, 110 Cal.App.4th at p. 1039.) Therefore, wife's "subjective consent," based on her belief that husband would not receive a survivor benefit, "is irrelevant. It is enough that a reasonable person would understand that the parties consented . . . and consented to the same terms in the same sense." (*Id.* at p. 1040; *id.* at pp. 1039-1040 [appellate court found no merit to claim that there had been no meeting of the minds as to contingency fee agreement where appellant asserted he had intended and consented to a "reversal" contingency fee agreement, believing he would receive an award of 40 percent for unrecovered claims, but the contingency fee agreement did not mention and the language therein did not support such an award, and, if the parties had intended and agreed to a "reversal" contingency fee agreement, a reasonable person would expect such an "uncommon" arrangement would have been defined in the agreement].)

## C. *Funding of Survivor Benefit*

Finally, as wife concedes in her reply brief, the trial court made no ruling and consequently we are not here concerned with how a survivor benefit would be funded by the parties, i.e., which party would

12

be responsible for the payment of husband's survivor benefit annuity under the retirement plan.

## II.    The Award of Attorney Fees was Improper

Section 271, subdivision (a), provides that "the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys.  An award of attorney's fees and costs pursuant to this section is in the nature of a sanction."  " ' "Thus, a party who individually, or by counsel, engages in conduct frustrating or obstructing the public policy is thereby exposed to liability for the adverse party's costs and attorney fees *such conduct generates*." ' " (*Menezes v. McDaniel* (2019) 44 Cal.App.5th 340, 348-349 (*Menezes*), quoting *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, [1318]; italics added.)

Wife argues the trial court erred in awarding attorney fees as a section 271 sanction since husband, while an attorney himself, had not in his role as litigant incurred any attorney fees related to the May 15 hearing.  While this specific issue was not raised in the trial court, we address the issue on appeal as it is a question of law based on undisputed facts.  (*Ward v. Taggart* (1959) 51 Cal.2d 736, 742.)

We have not found a case that directly addresses whether a self-represented attorney litigant may recover attorney fees in the nature of sanctions under section 271.  However, we agree with those courts that have concluded section 271 mandates that sanctions be "tethered" to attorney fees and costs.  (*Menezes*, *supra*, 44 Cal.App.5th at p. 350;

13

*Sagonowsky v. Kekoa* (2016) 6 Cal.App.5th 1142, 1153 (*Sagonowsky*).) " 'The plain language of section 271 authorizes the court to impose "attorney fees and costs" as a sanction for conduct frustrating settlement or increasing the cost of litigation.' . . . 'Here, the words "attorney fees and costs" are not ambiguous. . . . Section 271 "means what it says" – sanctions available under the statute are limited to "attorney fees and costs." ' " (*Menezes*, *supra*, at p. 350, quoting in part *Sagonowsky*, *supra*, at p. 1153; see *Menezes*, *supra*, at p. 351 [section 271 sanctions could not be awarded to a party for travel expenses to attend court hearings and vacation time, used for relief from work obligations, where expenses were not tethered to attorney fees and costs]; *Sagonowsky*, *supra*, at pp. 1153 fn. 9, 1156 [section 271 sanctions could not be awarded to a party to punish the opposing party for relentless and culpable conduct, where monetary sum bore "no relationship" to attorney fees and costs].)

The courts have similarly interpreted "attorney fees" – that it means exactly what it says – in the context of sanctions under Code of Civil Procedure section 128.7 and in the context of contractual attorney fees awarded under Civil Code section 1717. (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 515 [Code of Civil Procedure "section 128.7 does not authorize sanctions in the form of an award of attorney fees to self-represented attorneys"]; *Trope v. Katz* (1995) 11 Cal.4th 274, 292 ["an attorney who chooses to litigate in propria persona and therefore does not pay or become liable to pay consideration in exchange for legal representation cannot recover 'reasonable attorney's fees' under [Civil Code] section 1717 as compensation for the time and effort he expends

14

on his own behalf or for the professional business opportunities he forgoes as a result of his decision"].)

Husband's sole assertion in opposition is that the trial court did not abuse its discretion in ruling that wife's conduct warranted a sanction. We do not reach that issue as the award of attorney fees as section 271 sanctions is not tethered to any attorney fees and hence cannot stand, irrespective of wife's conduct. Therefore, we shall reverse that portion of the judgment and order awarding $980 in sanctions and on remand direct the trial court to enter a new order awarding solely $180 in costs as sanctions. [6]

## III.    Husband's Motion for Sanctions on Appeal

We deny husband's motion for sanctions for pursuing "a frivolous appeal or appealing to cause delay." (See Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276(a)(1).) Having found merit to wife's contention that a portion of the section 271 sanctions must be vacated, we cannot say her appeal was only "prosecuted for an improper motive" or "indisputably" had no merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 640; see *Contreras v. Dowling* (2016) 5 Cal.App.5th 394, 421[" '[o]ur reversal of the trial court's ruling established that [the] appeal is meritorious and obviates any need to discuss the issue of sanctions' " on appeal].)

---

[6]    While the trial court awarded $800 in attorney fees and $180 in costs at the May 15 hearing, its written order directed payment of $890 in attorney fees and $90 in costs. On remand the court will be able to correct its written order to reflect an award of $180 in costs as sanctions. (See *In re Merrick V.* (2004) 122 Cal.App.4th 235, 249 ["[c]onflicts between the reporter's and clerk's transcripts are generally presumed to be clerical in nature and are resolved in favor of the reporter's transcript unless the particular circumstances dictate otherwise"].) .

## DISPOSITION

The portion of the judgment and order awarding $980 in attorney fees and costs as sanctions against Nancy G. Erndt and payable to Michael A. Terhorst is reversed. On remand the trial court is directed to enter a new order awarding $180 in costs as sanctions against Nancy G. Erndt and payable to Michael A. Terhorst.

In all other respects the judgment is affirmed. Michael A. Terhorst's motion for sanctions on appeal is denied. Each party is directed to bear their own costs on appeal.

_____
                                                    Petrou, J.


WE CONCUR:


_____
Siggins, P.J.


_____
Fujisaki, J.


A157876/*Erndt v. Terhorst*

17

Trial Court:        Solano County Superior Court

Trial Judge:        Hon. Christine A. Carringer

Counsel:        Codekas Family Law, Matthew J. Smith, for Plaintiff and Appellant.

Beeson Terhorst, Jeffrey E. Beeson, for Defendant and Respondent.