Filed 7/17/23  Valencia v. Valencia CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARTHA DIAZ VALENCIA, | B320164 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. BD632673 |
| MANUEL VALENCIA, JR., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Rolf M. Treu, Judge.  Reversed and remanded.

The Law Offices of Kurt Bier and Kurt Bier for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Martha Diaz Valencia (Diaz) filed a petition to dissolve her marriage to Manuel Valencia, Jr. (Valencia), but she did not identify any community property for the court to divide. Five years after the court entered judgment of dissolution, Diaz petitioned the court to divide three properties in which she claimed a community property interest. The court refused to do so on the basis that Diaz had failed to identify the properties in her petition for dissolution. On appeal, Diaz argues the court is required under Family Code section 2556 to adjudicate the properties. We agree and reverse the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2016, Diaz filed a petition for dissolution of her marriage to Valencia. In a section of the petition related to community and quasi-community property, Diaz checked a box stating: "There are no such assets or debts that I know of to be divided by the court."

Valencia did not respond to the petition, and the court entered default judgment of dissolution in May 2016. The judgment states there are no property "assets or debts subject to disposition by the court in this proceeding."

Just over five years later, in July 2021, Diaz filed a petition asking the court to divide three properties: 1242 E. 35th Street, 1917 E. 114th Street, and 1525 Starz Street. In a declaration attached to the petition, Diaz said that, although the dissolution judgment states there are no community assets or debts, "[t]his is not true. The Respondent, Mr. Valencia, and I purchased three properties while married, none of which were divided by the judgment."

According to Diaz, she did not include the three properties in the dissolution petition because "Valencia demanded that I not

2

include them.  During the marriage, Mr. Valencia would threaten me and my family and force me to sign various documents related to the properties and made me believe that I had no interest in them.  After discussing the issue with legal professionals, I realize that I do have an interest."  Diaz said she tried to resolve the issues informally, but Valencia told her he would "rather burn down the properties than give me anything."

In a declaration opposing the petition, Valencia claimed Diaz had completed and filed the dissolution petition without his input or participation.  According to Valencia, Diaz has a degree in criminal justice, has been employed at law firms for decades, and is "highly educated and skilled in litigation tactics."

Valencia claimed he purchased the Starz Street property after the dissolution, but he acknowledged that he and Diaz purchased the other two properties during their marriage.  According to Valencia, Diaz waived her interest in the properties because they were not worth much at the time.  In return, Diaz took control of three other properties they had purchased during their marriage, which were worth significantly more than the properties she left for Valencia.

At the hearing on the petition, Diaz's counsel argued the court should conduct a trial to determine how to divide the omitted assets.  The court, instead, denied the petition, apparently on the basis that Diaz had not identified the properties in the dissolution petition.  The court explained it was "very concerned that a person so admittedly experienced in litigation would sign under penalty of perjury matters that she now considers to be untrue. . . .  [T]he court warns petitioner that stating things under penalty of perjury which she later

3

admits are not true may very well have consequences for her in a professional and/or legal sense."

Diaz timely appealed.

## DISCUSSION

"Under California law, a spouse's entitlement to a share of the community property arises at the time that the property is acquired. [Citations.] That interest is not altered except by judicial decree or an agreement between the parties. Hence 'under settled principles of California community property law, "property which is not mentioned in the pleadings as community property is left unadjudicated by decree of divorce, and is subject to future litigation, the parties being tenants in common meanwhile." ' [Citations.] This rule applies to partial divisions of community property as well as divorces unaccompanied by any property adjudication whatsoever." (*Henn v. Henn* (1980) 26 Cal.3d 323, 330 (*Henn*).)

Originally, a former spouse was required to file a separate action in equity to adjudicate community property that was not divided in a dissolution judgment. (See *In re Marriage of Huntley* (2017) 10 Cal.App.5th 1053, 1059 (*Huntley*).) In 1992, the Legislature enacted Family Code section 2556, which grants courts in dissolution of marriage proceedings continuing jurisdiction to award community assets that have not been previously adjudicated by a judgment in the proceedings. (Fam. Code, § 2556.) Under the statute, a party may "file a postjudgment motion or order to show cause in the proceeding in order to obtain adjudication of any community estate asset or liability omitted or not adjudicated by the judgment. In these cases, the court shall equally divide the omitted or unadjudicated community estate asset or liability, unless the court finds upon

4

good cause shown that the interests of justice require an unequal division of the asset or liability." (*Ibid*.)

The fact that a party was aware of an asset when the court entered judgment does not preclude the party from requesting the court divide it at a later time. (See *Henn*, *supra*, 26 Cal.3d at p. 330; *Huntley*, *supra*, 10 Cal.App.5th at p. 1060 [Family Code "[s]ection 2556 applies even when former spouses were aware of the community property at the time the dissolution judgment was entered"]; *Huddleson v. Huddleson* (1986) 187 Cal.App.3d 1564, 1569 [a "missed asset" is subject to a post dissolution claim, regardless of whether the parties knew of it or discussed it before the court entered judgment].)

*Henn*, *supra*, 26 Cal.3d 323 is instructive. In that case, the family court entered judgment of dissolution incorporating the parties' property settlement, which awarded each party specific items of community property as their separate property. (*Id*. at p. 326.) Several years later, the wife filed an action seeking adjudication of the husband's pension, which the judgment did not address. (*Id*. at p. 327.) The California Supreme Court held the wife was not precluded from asserting her community property interest in the pension, despite her failure to identify it during the dissolution action. The high court explained the wife's interest in the husband's pension "arose independent of and predates the original decree of dissolution and property settlement. This interest was separate and distinct from her interest in the items of community property which were divided at the time of the dissolution. Since it is conceded that the issue of [the husband's] military pension was not before the court which issued the final decree, the judgment of that

court cannot be said to have extinguished [the wife's] putative interest in that asset." (*Id.* at p. 330.)

Here, it is undisputed the dissolution judgment did not adjudicate the three properties that Diaz identified in her July 2021 petition. Accordingly, the properties remain " ' "subject to future litigation." ' " (*Henn, supra*, 26 Cal.3d at p. 330.) If the court determines the assets are community property, under Family Code section 2556, it must divide them equally unless it finds the interests of justice require an unequal division. (Fam. Code, § 2556.) Although Diaz's significant delay in identifying the properties might be relevant to the court's equitable division, it does not provide grounds for the court to refuse to consider the issue altogether, as it seems to have done here. (See *Huntley, supra*, 10 Cal.App.5th at p. 1061 ["Although it is undisputed [the former wife] handled the finances during the marriage and was aware of the very community property she sought to have divided under section 2556, her knowledge did not provide a basis for denying her motion."].)

## DISPOSITION

The order is reversed.  On remand, the court shall conduct further proceedings to determine whether Diaz has a community interest in the properties and, if so, how to divide the properties between the parties.  Martha Diaz Valencia is awarded her costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.

We concur:



EDMON, P. J.



LAVIN, J.