Filed 5/13/24  Marriage of Abdou and Malak CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re the Marriage of ATEF ABDOU and MARIAM ABDEL MALAK. | B330540 <br><br> (Los Angeles County Super. Ct. No. BD559444) |
| ATEF ABDOU, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MARIAM ABDEL MALAK, <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Alexander C.D. Giza, Judge.  Affirmed.

Leslie L. Niven for Defendant and Appellant.

Atef Abdou, in pro. per., for Plaintiff and Respondent.

—————————————

Mariam Abdel Malak appeals from an order denying her request for order (RFO), in which she sought division of United No. 1, LLC, and United's real property asset located at 1303 S. Western Avenue (1303 Western property) as community property pursuant to Family Code section 2556 (allowing a postjudgment motion to adjudicate community property assets).[1] Malak contends the family court erred in denying her request because the judgment entered after a family court trial on reserved issues did not allocate to her a community property interest in United and its real property, and therefore, the court had continuing jurisdiction to adjudicate community property assets owned by her and her former husband, Atef Abdou.

Because the family court already awarded Malak the monetary amount equal to her 50 percent interest in the 1303 Western property in the judgment, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Marital Dissolution, Judgment, and Family Court Trial on Reserved Issues*

Abdou and Malak were married on January 8, 2004. On February 25, 2009 Malak filed a petition for dissolution of the marriage. Abdou and Malak reconciled and then separated again. On February 22, 2012 Abdou filed a petition for dissolution, and Malak filed her petition shortly thereafter. The family court consolidated the matters, and on November 7, 2013 the court entered a judgment dissolving the marriage but

---

[1]    Further undesignated statutory references are to the Family Code.

reserving multiple issues for a later determination, including the division of property.

On December 26, 2018, in advance of a January trial date on reserved issues, Malak submitted a statement of issues and contentions in which she indicated that the characterization and disposition of the 1303 Western property was an issue to be resolved at trial. She argued the 1303 Western property was "wholly community property," but any debt owed on the property "should be deemed [the] separate property debts of" Abdou. Malak also requested the family court find Abdou breached his fiduciary duty to Malak based on his actions concerning the property.

The family court[2] presided over a five-day bench trial commencing on January 2, 2019. The matter was deemed submitted on April 8, 2019, after supplemental briefing on the issue of attorneys' fees.

B.     *Consolidation of Malak's Quiet Title Action with This Action*

On December 18, 2018 (prior to commencement of the family court trial) Malak filed a civil action (LASC Case no. 18STCV08878) against United seeking to quiet title in the 1303 Western property.[3] Malak alleged the 1303 Western property was community property because it was acquired during Abdou and Malak's marriage, with United holding title to the property.

---

[2]     Judge Shelley Kaufman presided over the trial and issued the statement of decision.

[3]     In the quiet title action, Malak identified herself as "Mariam S. Mena aka Mariam Abdel Malak."

On December 20 Malak filed an ex parte application to consolidate the quiet title action with this action. The family court denied the ex parte application without prejudice, explaining the quiet title action "is filed in the civil division and therefore related case or consolidation requests must be addressed by the Supervising Judge of Civil in Department 1. See LASC Local Rule 3.3(f) and (g)."

On January 11, 2019, after the family law trial concluded, Malak filed a notice of related cases listing this action and the quiet title action. On March 4 the supervising judge of the civil division of the superior court[4] related the two cases, and on June 24 the family court[5] consolidated the quiet title action with this action.

C.    *The Statement of Decision and Judgment in This Action*

On July 30, 2019 the family court issued its final statement of decision. The court found United acquired the 1303 Western property, on which is a gas station, food center, and car wash, on September 7, 2004 (during the marriage); at the time of the purchase Abdou was the sole member of United; rental income and depreciation on the property were reported on Abdou and Malak's joint tax returns starting in 2005; and Malak worked with Abdou at the gas station and food center. The court noted United was not joined in this action and the parties had stipulated that United was no longer in Abdou's name. In addition, at the time of the trial, the quiet title action had not yet been consolidated with the marital dissolution action. Thus, the

---

[4]    Judge Samantha P. Jessner.

[5]    Judge Alexander C.D. Giza.

4

family court stated, the court "can only adjudicate the matters presented at trial."

The family court rejected Abdou's claim that his mother, Sohei Youssef Moussa,[6] provided the 10 percent down payment United used to purchase the 1303 Western property and that Moussa was the actual owner of United with Abdou only managing the business investment for her. The court reasoned, "[Abdou's] conduct does not comport with his claim that 1303 Western was owned by his mother through the entity United 1. Why would he then execute a transfer agreement in 2010 and 2011 for remuneration from his mother if she was the actual owner? This transfer occurred shortly after [Malak] left the family home in 2009 and filed for dissolution. [Abdou] filed his response to the dissolution on March 11, 2009 and indicated that he was seeking to confirm as his separate property United 1, including all personal and real property assets. . . . Even if [Abdou's] mother provided money to [Abdou] for the down payment, there is insufficient evidence as to the characterization of this money, or that this establishes she was the owner of United 1, and not [Abdou]."

The family court found Abdou failed to rebut the presumption in Evidence Code section 662 that "[t]he owner of the legal title to property is presumed to be the owner of the full beneficial title." The court explained, "The Court does not find sufficient credible evidence that United 1 belonged to [Abdou's]

---

[6] The family court granted Malak's request to join Moussa and Abdou's brother, Adel Hanna, but not United and other business entities. Moussa was not properly served with the summons and complaint before her death, and Malak did not amend her petition to join Moussa's estate.

5

mother at the time of acquisition.  [Abdou] has provided little to no documentary evidence of this claim other than his testimony."

The family court also found Abdou failed to rebut the presumption in section 760 that all real or personal property acquired during marriage is community property.  The court explained, "The 1303 Western property was in fact acquired during marriage by United 1, wherein [Abdou] was the only member.  In a reply argument, [Abdou] states if 1303 Western was his property through United 1, the ownership was only obtained from funds that were a gift from his mother, and thus should be deemed his separate property . . . .  While testimony was provided that he received funds from his mother to be used for the down payment, [Abdou] did not provide further testimony as to how the loan payments were made or applied to the purchase of 1303 Western.  [Abdou] had the burden to do the appropriate tracing if this was his claim; he did not.  Further, Abdou admitted to working at the location, and managing the property.  He used community efforts thus to maintain the property.  [¶]  By 2011, [Abdou] transferred all his interest in United 1 to his mother for a total of $55,000.  The property was purchased for approximately $1,400,000 in 2004.  No evidence was presented as to why [Abdou] would sell his interest for such little money."

The family court concluded Malak met her burden to prove Abdou breached his fiduciary duty by "selling his interest in United and consequently 1303 Western."  The court found, "The community held an asset from date of marriage which had a value of more than one million dollars.  By 2011, not for comparable value, the asset was sold.  Pursuant to Family

6

Code section 1101(g), [Malak] is entitled to 50% of the value of the transferred asset."

In determining the value of the transferred asset, the court relied on the testimony of Malak's experts: real estate appraiser James Willard and certified public accountant John Gustavson.[7] Willard testified the market value of the 1303 Western property was $2,107,000 as of February 16, 2012 and $3,160,000 as of December 12, 2018. Gustavson calculated the equity in the property was $1,274,000 by taking the current market value of the property ($3,160,000) less the encumbrances reflected in the property records. The family court determined that Abdou owed Malak $637,000 (half of the $1,274,000 valuation) for his breach of fiduciary duty.

On March 4, 2020 the family court entered judgment on reserved issues, which provided in part, "[Malak] is entitled to 50% of the value of the transferred asset, namely 1303 S. Western Avenue, Los Angeles, CA 90006 property. [Malak] is awarded $637,000 payable by [Abdou] to [Malak] for his breach of fiduciary duty related to the property 1303 S. Western Ave, Los Angeles, CA 90006; [¶] [Abdou] shall pay $106,196.26 to [Malak] for attorney's fees and costs."

Abbou appealed, and we affirmed. (*In re Marriage of Abdou and Malak* (May 14, 2021, B304087) [nonpub. opn.].) Abdou filed a petition for review, which the Supreme Court denied. This court issued a remittitur on September 2, 2021.

---

[7] The family court found Abdou's accounting expert, Jackie Adams-Ings, "did not assign a value to the loss of this property, asserting the property belonged to [Abdou's] mother."

D.    *Transfer of Quiet Title Action to Civil Court*

On May 19, 2021 United filed a motion to expunge Malak's lis pendens on the 1303 Western property, which Malak opposed. On October 14, 2021 the family court[8] ordered the quiet title action, including United's motion to expunge lis pendens, transferred back to Department 1 for reassignment.  The court found "the family law matter ha[d] been completed by trial" and remittitur had been issued in the appeal from the judgment on reserved issues.  On November 1 Department 1 reassigned the quiet title action to Department 58[9] for all purposes.

E.    *Malak's RFO and the Family Court Ruling*

On June 1, 2022 Malak filed a postjudgment RFO seeking to adjudicate and divide as community property United and the 1303 Western property pursuant to section 2556.  Malak requested in the alternative the family court find that the civil court could determine the proper division of the property in the quiet title action by applying section 2556 instead of the statute of limitations that would otherwise govern.  Malak argued the family court (Judge Kaufman) previously characterized United and the 1303 Western property as community property but did not divide the assets.  In opposition, United argued it was not a party, and therefore the family court did not have jurisdiction over it.  Further, even though it was not a party, United "could be negatively affected by the requested action."  United also

---

[8]    Judge Giza presided over the proceedings in family court following the remittitur.

[9]    Judge John P. Doyle.

8

asserted that section 2556 did not apply to Malak's quiet title action against United.[10]

On March 20, 2023 the family court denied Malak's RFO on the basis the treatment of United and the 1303 Western property had been previously adjudicated in the trial. The court observed that following the bench trial, the court (Judge Kaufman) in four pages of its statement of decision "addressed the parties' interest in United/Western" and found Abdou "breached his fiduciary duty to [Malak] and awarded her $637,000, which is one-half the value of Western as determined by [Malak's] expert." Further, "[d]uring the [RFO] hearing, [Malak] admitted that if the judgment had been paid by [Abdou, then Malak] would have been made whole. [Malak] argues, however, that because [Judge Kaufman] did not divide the asset at trial, this sub-issue was not adjudicated and so can still be addressed under § 2556."

The family court explained in denying the RFO that at trial the "judge confirm[ed] with [Malak's] counsel that she [was] arguing that (1) United and Western were community property up until 2010 or 2011; (2) [Abdou] got rid of this community property asset in breach of his fiduciary duty; and (3) [Malak] was not seeking a ruling on how to divide ownership of United/Western. Because [Malak] did not seek ownership of United/Western at the trial, the [court] addressed the issues as framed by [Malak's] counsel. In doing so, the [court] found for [Malak] and awarded her one-half the value of United/Western. The United/Western issue was adjudicated, and its value divided."

_____

[10] The appellate record does not include a response by Abdou to Malak's RFO. Malak's process server was unable to locate Abdou to serve him with Malak's reply to United's opposition.

Accordingly, the family court continued, "[Malak's] current request to 'divide' these assets is an attempt to modify the judgment. Generally, once a martial dissolution judgment has become final, the court loses jurisdiction to modify or alter it. Under Fam. Code § 2556, the court has continuing jurisdiction to award to the parties community estate assets or community estate liabilities that have not been previously adjudicated by a judgment in the proceeding. For example, the court 'may divide a community property asset not mentioned in the judgment.' As noted above, United/Western was more than mentioned in the judgment, it was extensively addressed at the trial, and the judgment divided its value and awarded [Malak] one half. This judgment has become final. This court lacks jurisdiction to modify the judgment as to United/Western." (Fns. omitted.)

Malak timely appealed.

## DISCUSSION

A. *Governing Law and Standard of Review*

"'Generally, once a marital dissolution judgment has become final, the court loses jurisdiction to modify or alter it.'" (*In re Marriage of Huntley* (2017) 10 Cal.App.5th 1053, 1059 (*Huntley*); accord, *In re Marriage of Thorne & Raccina* (2012) 203 Cal.App.4th 492, 499.) But "'under settled principles of California community property law, "property which is not mentioned in the pleadings as community property is left unadjudicated by decree of divorce, and is subject to future litigation, the parties being tenants in common meanwhile."'" [Citations.] This rule applies to partial divisions of community property as well as divorces unaccompanied by any property

10

adjudication whatsoever."  (*Henn v. Henn* (1980) 26 Cal.3d 323, 300; accord, *Huntley*, at p. 1059.)

Section 2556 provides, "In a proceeding for dissolution of marriage, for nullity of marriage, or for legal separation of the parties, the court has continuing jurisdiction to award community estate assets or community estate liabilities to the parties that have not been previously adjudicated by a judgment in the proceeding.  A party may file a postjudgment motion or order to show cause in the proceeding in order to obtain adjudication of any community estate asset or liability omitted or not adjudicated by the judgment.  In these cases, the court shall equally divide the omitted or unadjudicated community estate asset or liability, unless the court finds upon good cause shown that the interests of justice require an unequal division of the asset or liability."  (See *Huntley, supra*, 10 Cal.App.5th at p. 1061 ["section 2556 applies to community property not actually adjudicated in the previously entered dissolution judgment"]; *In re Marriage of Thorne & Raccina, supra*, 203 Cal.App.4th at p. 501 ["the trial court may divide a community property asset not mentioned in the judgment"].)

"In providing courts with continuing jurisdiction, section 2556 imposes no time limit on former spouses to seek to adjudicate omitted or unadjudicated community property after a dissolution judgment [is] entered."  (*Huntley, supra*, 10 Cal.App.5th at p. 1060.)  Therefore, "[t]here is no statute of limitations imposed by Family Code section 2556 on a former spouse who seeks adjudication of omitted or unadjudicated community property."  (*Ibid.*)  "Section 2556 applies even when former spouses were aware of the community property at the time the dissolution judgment was entered."  (*Ibid.*; accord,

11

*Huddleson v. Huddleson* (1986) 187 Cal.App.3d 1564, 1569
["Regardless of whether the parties know of, or discuss, the vested pension, if the 'court was not called upon to award it, and did not award it, as community property, separate property, or any property at all' [citation], then the pension is a missed asset subject to a postdissolution claim."].)

"We review the interpretation of a statute and its application to undisputed facts de novo." (*In re Marriage of Bonvino* (2015) 241 Cal.App.4th 1411, 1422; *In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 169.)

B. *The Community Property Was Adjudicated by the Judgment*

Malak contends the family court erred in denying her RFO to adjudicate United and the 1303 Western property as community property because the judgment did not divide United or the 1303 Western property; the court erred in finding Malak did not seek ownership of United and the 1303 Western property at trial; and the court erred in determining that Malak's RFO under section 2556 was a request to modify the judgment.

Malak's assertion that at trial she sought to obtain a 50 percent ownership interest in United and the 1303 Western property is inconsistent with the record. At the start of the January 2019 bench trial, the family court sought to clarify the scope of the trial. The court inquired, "So what you are putting on for this case . . . is that United and Western were community property up until 2010, 2011, and [Abdou] in breaching his fiduciary duty got rid of community asset[s]?" Malak's attorney responded, "Correct." The court then stated, "But this court, Department 60, has nothing to do with consolidation, so the fact

12

that there is a motion brought [to consolidate], . . . and there is no ruling on it and the ex parte was denied, that's just another piece that is not involved in this trial." Malak's attorney replied, "That's fine." The court then asked, "Okay. So I just want to be clear that this court is not ruling on, at least the way it is being explained in opening, how to divide United—I'll say Western or Ovian.[11] But this court is deciding on whether United and Western were community property at some point and that [Abdou] breached his fiduciary duty in getting rid of community assets, right? Malak's attorney answered, "Correct." The family court therefore correctly observed in denying the RFO that the court addressed the breach of fiduciary duty issue as framed by Malak's attorney at trial.

In addition, Malak never challenged the March 2020 judgment entered following the trial. Abdou appealed from the judgment, we affirmed, and the judgment is now final. (See *In re Marriage of Abdou and Malak, supra*, B304087.) Malak did not argue in the prior appeal that the family court should have awarded her a 50 percent ownership in United and the 1303 Western property instead of awarding her $637,000 for Abdou's breach of fiduciary duty. Further, Malak stated in her respondent's brief in her prior appeal that she "does not allege that the [c]ourt made an incorrect decision to go forward with the [t]rial" (given the failure to consolidate the action with the quiet title action). Accordingly, Malak's RFO, in seeking a division of United and the 1303 Western property, was an improper request to modify the now-final judgment.

---

[11] At the hearing, Malak's attorney informed the court that "[t]he sole member of United now, I believe, is Ovian Development."

13

Moreover, the family court did not err in finding it had no jurisdiction to divide United and the 1303 Western property because the March 2020 judgment already adjudicated these community property assets. As discussed, the court found in its statement of decision and judgment that as a result of Abdou's breach of fiduciary duty, under section 1101, subdivision (g),[12] Malak was entitled to 50 percent of the value of the transferred asset (the 1303 Western property), and the court awarded $637,000 to Malak.[13] The court's award of half of the value of the 1303 Western property under section 1101, subdivision (g), constituted an adjudication of the community property asset, and

---

[12] Section 1101, subdivision (g), provides, "Remedies for breach of the fiduciary duty by one spouse, including those set out in Sections 721 and 1100, shall include, but not be limited to, an award to the other spouse of 50 percent, or an amount equal to 50 percent, of any asset undisclosed or transferred in breach of the fiduciary duty plus attorney's fees and court costs. The value of the asset shall be determined to be its highest value at the date of the breach of the fiduciary duty, the date of the sale or disposition of the asset, or the date of the award by the court."

[13] The court found Abdou's breach did not fall "within the ambit of Civil Code section 3294, which requires proof of fraud, malice or oppression by clear and convincing evidence." Had Malak made this showing, she would have been entitled to an award of 100 percent of the transferred asset as a remedy for Abdou's breach of fiduciary duty. Section 1101, subdivision (h), provides, "Remedies for the breach of the fiduciary duty by one spouse, as set forth in Sections 721 and 1100, when the breach falls within the ambit of Section 3294 of the Civil Code shall include, but not be limited to, an award to the other spouse of 100 percent, or an amount equal to 100 percent, of any asset undisclosed or transferred in breach of the fiduciary duty."

14

therefore, the court did not have continuing jurisdiction under section 2556 to divide United and the 1303 Western property as community property. (*In re Marriage of Gilbert-Valencia and McEachen* (2023) 98 Cal.App.5th 520, 526 ["The 50 percent award under subdivision (g) is '*an alternative to* an award of 50 percent of the asset itself' and 'must be the same 50 percent interest that would be awarded in the overall division of community assets.'"]; *In re Marriage of Schleich* (2017) 8 Cal.App.5th 267, 286-287 [same] (*Schleich*).)

*Schleich* is directly on point. There, the family court awarded the wife in a marital dissolution action 50 percent of the sales proceeds of a vehicle under section 1101, subdivision (g), for the husband's breach of fiduciary duty. (*Schleich, supra,* 8 Cal.App.5th at p. 285.) The wife "also received half of the sale proceeds in the court's division of community property." (*Ibid.*) The Court of Appeal concluded the family court erred in awarding the wife her community interest in the proceeds of the vehicle "twice—once as a section 1101 remedy for [the husband's] fiduciary breach and again in the division of community property." (*Id.* at p. 287.) The court reasoned, "The claimant and breaching spouses' collective interest in a community asset cannot exceed 100 percent. Given that the fiduciary duty recognized under section 1101 is a duty intended to preserve each spouse's one-half interest in the community estate [citations], the 50 percent interest awarded under subdivision (g) must be the same 50 percent interest that would be awarded in the overall division of community assets. *After a claimant is awarded his or her interest in an asset under subdivision (g), there is no longer an asset to divide in the dissolution proceedings.*" (*Id.* at p. 286-287, italics added.) Further, once the court awards a spouse

15

50 percent of a community asset under section 1101, subdivision (g), "the breaching spouse would retain the asset as separate property, the claimant spouse would receive an award equivalent to his or her community interest in the asset, and there would be no community asset to divide upon dissolution." (*Id.* at p. 287.)

Here, as in *Schleich*, after the family court awarded Malak $637,000, which was one-half the value of the 1303 Western property, the 1303 Western property (and United) were no longer community property assets subject to further division.

## DISPOSITION

The order is affirmed. Abdou is to recover his costs on appeal from Malak.

FEUER, J.

We concur:

SEGAL, Acting P. J.

RAPHAEL, J.*

---

* Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16